**FILED**
**Jun 24, 2026**
**02:50 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **LUIS AGUILAR,** | **Docket No. 2025-30-4387** |
|      **Employee**, | |
| **v.** | |
| **LUZ DARIELA HERNANDEZ** | **State File No. 860197-2025** |
| **MALDNALDO dba BRANDON'S** | |
| **CONSTRUCTION,** | |
|      **Employer.** | **Judge Lisa A. Lowe** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

Luis Aguilar allegedly sustained a left-knee injury while working for Brandon Construction. For the reasons below, the Court denies his request for benefits.

### Claim History

Mr. Aguilar filed one petition for benefit determination alleging a November 15, 2024 date of injury, and a second petition alleging a May 8, 2025 date of injury. This case involves Mr. Aguilar's May 8, 2025 injury.

Mr. Aguilar testified that he injured his left knee on May 13, 2025, when he slipped on a roof. He reported the injury to his supervisor, but Brandon Construction did not offer medical treatment. Mr. Aguilar treated on his own and ultimately underwent surgery. After Brandon Construction fired Mr. Aguilar, he could not afford treatment and moved out of the area.

Mr. Aguilar asked for medical and temporary benefits. He introduced medical records into evidence, but the Court sustained Brandon Construction's objection because they were not electronically signed. Tenn. Comp. R. & Regs. 0800-02-21-.16(2)(b) (2026).

1

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Aguilar must show he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An injury is accidental only if it is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-101(12)(A).

Here, Mr. Aguilar did not identify a specific incident occurring on May 8, 2025. Instead, he emphatically testified that he hurt his left knee on May 13, 2025. without proof of a specific incident on May 8, the Court finds Mr. Aguilar is not likely to prevail at a hearing on the merits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Aguilar's request for benefits for injuries from an alleged May 8, 2025 work injury.

2. The Court sets a Status/Scheduling Hearing on **October 20**, **2026, at 9:30 a.m. Eastern Time.** The parties must call 855-383-0003 to participate.

**ENTERED June 24, 2026.**

**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

2

# APPENDIX

**Exhibits:**

1. Affidavit of Luiz Aguilar, filed May 11, 2026
2. Affidavit of Luiz Aguilar, translated 05/26/26
3. Request for Investigation
4. Expedited Request for Investigation Report

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 24, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Luis Aguilar, Self-Represented Employee | X | X | ██████████ ██████████ ██████████ |
| Nick Akins, David Goudie, Employer's Attorney | | X | nakins@morganakins.com dgoudie@morganakins.com |

_Penny Shrum_
_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

6. I am employed by: _____

     My employer's address is: _____

     My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month     Telephone    $ _____ per month

Electricity    $ _____ per month     School Supplies $ _____ per month

Water    $ _____ per month     Clothing    $ _____ per month

Gas    $ _____ per month     Child Care    $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car    $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____